MORNINGSTAR *v.* STRICH.

1. LANDLORD AND TENANT — DWELLINGS — REPAIRS — PROXIMATE CAUSE—INJURY TO TENANT.

Where the negligence of the owner of a dwelling in failing to make repairs known to be necessary is the proximate cause of an injury to the tenant, the owner is liable in damages in an action of tort (CL 1948, § 125.471).

2. SAME—INJURY TO TENANT'S FAMILY—REPAIRS—NEGLIGENCE.

Motions for judgment for no cause of action, made by defendant landlord in nonjury action for injuries sustained when radiator valve blew off and released steam that scalded plaintiff, age 2 years and 9 months, a member of the tenant's family, were properly denied, when evidence is considered in light most favorable to plaintiff, where the landlord failed to take the necessary remedial steps to maintain the heating system in good repair, notwithstanding he had notice of the defective condition of the valve in question.

3. SAME—DEFECTIVE HEATING EQUIPMENT.

In a nonjury action by a minor member of a tenant's family against the landlord for injuries sustained when steam escaped from a defective radiator valve and scalded plaintiff, in which the testimony was largely in direct conflict, the credibility of the witnesses was for the trial court to pass upon, and the findings and judgment will not be reversed where Supreme Court cannot say they were against the clear weight of the evidence.

---

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 32 Am Jur, Landlord and Tenant, §§ 660, 663.
[1-3] Statute requiring property to be kept in good repair as affecting landlord's liability for personal injury to tenant or his privies. 93 ALR 778.
[2] 53 Am Jur, Trial, § 1126.
[3] 3 Am Jur, Appeal and Error, §§ 896, 901; 58 Am Jur, Witnesses, § 862.

Appeal from Oakland; Holland (H. Russel), J. Submitted October 7, 1949. (Docket No. 43, Calendar No. 44,550.) Decided January 9, 1950.

Case by Ross Morningstar by Helen Chalker, his guardian, against Henry C. Strich and another for injuries sustained when he was burned by steam coming from defective valve. Judgment for plaintiff. Defendant Strich appeals. Affirmed.

*Howarth & Allen (Henry A. Balser,* of counsel), for plaintiff.

*Louis J. Colombo,* for defendant Strich.

BUTZEL, J. Ross Morningstar, a minor, by Helen Chalker, his guardian, brought suit against Henry C. Strich, defendant, owner of a house in Royal Oak, Michigan, rented by plaintiff's family, and against Henry G. Strich, defendant's son and agent, to recover for very serious personal injuries caused by steam emitting from a radiator in the dining room. The trial court sitting without a jury rendered a judgment of $2,801.85 solely against defendant owner, who appeals. While Henry G. Strich also appears as an appellant in the notice of appeal, he took no further steps in perfecting the appeal. No question as to the amount of damages awarded is raised.

The plaintiff was 2 years and 9 months old on February 16, 1944, the date of the accident. He was playing at the dining room window near the radiator when the valve came off. He was so severely scalded that he was hospitalized for 76 days. He is still suffering from the effects of the accident and there are large keloid formations across his back and on his arm and chest. There were no eyewitnesses to the occurrences immediately prior to the accident, except possibly the small child. Plaintiff

contended that the radiator air valve was defective and that the steam pressure blew it off so that the steam came out in great volume and scalded plaintiff. Testimony was introduced without objection that the bathroom valve blew off in a similar manner about a month later. Appellant claimed that the child unscrewed the valve or that it had been loosened by some adult and that the child's playing with it caused it to come off. The evidence is conflicting as to whether the child ever played with the valve. Appellant's sole witness as to this particular point had lived in the house until a little more than a year before the accident. He testified that while there he had seen plaintiff play with the valves and unscrew them, that "this year-old boy had been turning them off, he turned them out." He further testified that he warned the child's mother and the child of the danger of plaintiff being burned by the hot valves. The mother testified that the child never played with the valves and that no such warning was ever given.

About 6 weeks before the accident plaintiff's mother called Henry G. Strich and complained of the condition of the heating system, particularly the valves. The son and appellant's son-in-law, a plumber and heating contractor, came to the house within the next few days. The testimony is in direct conflict as to whether they checked the valves. They testified that they checked all the valves and replaced some. Plaintiff's mother testified that all the valves were not checked, but that Henry G. Strich assured her that they were "strictly OK" and he told her he could not obtain replacements for the 2 mentioned. She and her husband testified that they replaced the 2 in question after the accident when the bathroom valve blew off and that in each instance the radiator had to be turned off until the 2 new valves were procured. A boarder, who ob-

tained the new valves for them, corroborated their testimony about the replacements and the reason why they were required. A Hoffman valve with worn-out threads was introduced in evidence. Testimony on behalf of plaintiff identified it as the one that had been on the radiator in the dining room at the date of the accident. Testimony on behalf of the appellant identified it as one that had been removed years before and stored in the basement. A second defective valve of a different make was introduced and identified by plaintiff's witnesses as the one that had been replaced in the bathroom after it blew off.

The trial court found that the Hoffman valve introduced in evidence had been on the radiator and that the accident and injuries to plaintiff resulted from the worn-out and stripped condition of its threads. He further found that some inspection of the heating apparatus was made and that the defendant, Henry C. Strich, through his agents had notice of the defective valve and was negligent in not taking the necessary steps to correct the dangerous condition, and that this was the proximate cause of the accident.

Appellant contends that the court erred in denying his motions, made at the end of plaintiff's proofs and at the close of all testimony, to enter a judgment of no cause of action for failure to prove that the negligence of owner was the proximate cause of plaintiff's injuries.

The State housing law, applicable to Royal Oak, provides that "every dwelling and all the parts thereof including plumbing, heating, ventilating and electrical wiring shall be kept in good repair by the owner." CL 1948, § 125.471 (Stat Ann 1949 Rev § 5.2843). In *Annis* v. *Britton,* 232 Mich 291, we stated:

"If plaintiff has any right to recover damages in an action of tort it is because the statute of 1917 required defendant to keep the premises in repair. This, of course, imports that the need of repair in fact existed, was known to defendant, or his agent having charge of the premises, or should have been known had reasonable supervision been exercised in obedience to the statutory mandate and of neglect thereafter to make repair. Such a right of action is bottomed upon negligence arising out of a failure to perform a duty imposed by statute. The duty in such a case is ultra contract, and as soon as there is a tenant in possession of the premises, the statute fixes the duty of the owner, and for failure to obey he is negligent *per se,* and if such negligence is the proximate cause of injury to the tenant he is liable in damages in an action of tort."

See, also, *Malosh* v. *Thompson,* 265 Mich 320.

Viewing the testimony in the light most favorable to plaintiff, the failure of Henry C. Strich, through his agent to take the necessary remedial steps to maintain the heating system in good repair was the proximate cause of the accident, and the motions were properly denied. There is no question that Henry G. Strich had notice of trouble with the valves and that he came to the house with a plumber. The defective condition of the valve in question, if it was on the radiator, should have been apparent upon the examination of it that either was made or should have been made.

The remaining grounds of appeal all pertain to the credibility of witnesses and the weight of evidence. Appellant contends that the court erred in disbelieving the testimony of his witnesses that they examined every valve and that all were in good condition, that plaintiff failed to prove by a preponderance of competent and credible evidence that the injuries were proximately caused by the owner's negligence and that the verdict was against the great

weight of evidence. In discussing credibility appellant stresses the lapse of three and a half years between the accident and the filing of the declaration, and the further fact that, though the owner's son had knowledge of the accident within a few days after it occurred, no notice of a claim for liability was given until shortly before this action was commenced, and such notice was given after plaintiff's family had been evicted.

Much of the testimony was in direct conflict. The case resolves itself largely into the question of credibility. The trial court had the advantage of seeing and hearing the witnesses and was in a better position than we are to pass on their credibility. There is ample competent testimony to sustain the findings and judgment and we cannot say that they were against the clear weight of the evidence.

Judgment is affirmed, with costs to plaintiff.

BOYLES, C. J., and REID, NORTH, DETHMERS, CARR, BUSHNELL, and SHARPE, JJ., concurred.