No. 84-060

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

LYNETTE PIEDALUE,

Plaintiff and Appellant,

-vs-

CLINTON ELEMENTARY SCHOOL DISTRICT NO. 32
and AL BAIDE, d/b/a LEWIS & CLARK COURTS,

Defendants and Respondents.

---

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Ferguson & Mitchell, Missoula, Montana

For Respondents:

Garlington, Lohn & Robinson, Missoula, Montana

---

Submitted on Briefs: Oct. 11, 1984

Decided: December 13, 1984

Filed: DEC 13 1984

*Ethel M. Harrison*

Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Lynette Piedalue appeals from an order of the District Court, Fourth Judicial District, Missoula County, granting defendant Al Baide's motion for summary judgment, and dismissing him with prejudice from the action.

Baide operates a trailer park on property adjacent to the Clinton Elementary School. In the past a loop road provided access to the trailer park to and from Mullan Avenue, situated east of the trailer park property. The loop proceeded west from Mullan Avenue on Third Street, south on a private dirt road through the trailer park, then east by a right angle turn, over a bridge spanning an irrigation ditch, to intersect again with Mullan Avenue. From Third Street to the southern intersection with Mullan Avenue, the dirt road was on Baide's private property.

The irrigation ditch and bridge were originally part of Baide's property. When the bridge was destroyed by a heavy truck, Baide removed the bridge and barricaded the road. He piled gravel in front of the ditch and put up railroad-tie barricades and a warning sign.

About four months after the bridge was removed, Baide conveyed the property containing the ditch to the school district. After the conveyance there was a distance of about 60 to 70 feet from Baide's property line to the irrigation ditch.

About 3½ months after the property had been conveyed to the school, on June 3, 1979, Lynette Piedalue drove her 1965 Volkswagen automobile to deliver a tenant of the trailer court to his home located in the trailer court. She then

proceeded south and east on the dirt road loop, intending to return to Mullan Avenue. She drove her automobile into the irrigation ditch, for which she claims damages for personal injuries and property damages from the defendants.

The District Court granted Baide's motion for summary judgment and dismissed Lynette's complaint against him. The court based its ruling on the legal theory that one is not responsible as a matter of law for dangerous conditions which exists on the land of another. The District Court reasoned that since it was uncontested that Baide sold the land to the school district, and that the school district took possession of the land and was aware of the dangerous condition of the land, there were no issues of material fact involving Baide. The District Court entered summary judgment and dismissed the action against him.

The issue presented is whether a landowner owes another lawfully upon the landowner's property a duty to warn, or take reasonable precautions to abate a dangerous condition which exists on an egress road from the premises, though the dangerous condition exists on property not owned by the landowner.

We hold in this case there is a genuine issue of material fact with respect to the landowner's duty which must be resolved by a fact-finder. We therefore reverse the District Court.

The District Court relied on its undisputed findings that the accident occurred on June 3, 1979; that at the time Clinton Elementary School District was the owner of the property in question; that the property was conveyed to the school district on February 13, 1979, 3½ months before the time of the accident; that the school officials had

sufficient opportunity between the time of the conveyance and the accident to acquaint themselves with the property purchased.

The District Court was led to the dismissal of the action against Baide by reason of Restatement (Second) of Torts, § 373, which states:

"Dangerous Conditions Created Before Vendor Transfers Possession.

"(1) A vendor of land who has created or negligently permitted to remain on the land a structure or other artificial condition which involves an unreasonable risk of harm to others outside of the land, because of its plan, construction, location, disrepair, or otherwise, is subject to liability to such persons for physical harm caused by the condition after his vendee has taken possession of the land.

"(2) If the vendor has created the condition, or had actively concealed it from the vendee, the liability stated in Subsection (1) continues until the vendee discovers it and has reasonable opportunity to take effective precautions against it. Otherwise the liability continues only until the vendee has had reasonable opportunity to discover the condition and to take such precautions."

The decision of the District Court in dismissing the action against Baide by reason of the Restatement rule foregoing would be upheld if Baide were simply a vendor of the land, and had no further legal obligations toward Lynette. As the landowner, and the operator of the trailer park, however, Baide owed a duty to invitees on his premises to have the premises reasonably safe or to warn the invitees of any hidden or lurking danger. Scott v. Robson (1979), 182 Mont. 528, 597 P.2d 1150; Suhr v. Sears Roebuck and Co. (1969), 152 Mont. 344, 450 P.2d 87, 36 A.L.R.3d 602 (1969). Baide may yet be liable for the injuries Lynette sustained if his duty as the property owner to maintain the premises in said condition or to warn of danger includes a duty to warn of an

unsafe ingress and an unsafe egress from his property, beyond the premises actually owned by Baide. We hold there is such a duty.

Clearly in Montana, the owner of a business premises, though not an insurer against all accidents which might befall business invitees on the premises, owes a duty to an invitee to use ordinary care to keep his premises in reasonably safe condition and to warn invitees of any hidden dangers therein. Scott, supra; Suhr, supra; Uhl v. Abrahams (1972), 160 Mont. 426, 503 P.2d 26. Indeed, we have said that the proprieter of a business to which the public is invited, expressly or impliedly, has a duty to use due care to keep in reasonably safe condition those portions of the premises where patrons may be expected to come and go, and is liable to those who are injured by his failure to do so, and if there is a dangerous place on his premises he must safeguard those who lawfully come thereon by warning them of the danger. MacIntosh v. Linderkind Lumber Co. (1964), 144 Mont. 1, 393 P.2d 782. We said in MacIntosh that the true ground of liability of a business proprietor to an invitee for injuries sustained on the premises is the superior knowledge of the business proprietor over that of the business invitee of the dangerous condition and the proprietor's failure to give warning of the risk.

The duty of a business property owner certainly includes providing business invitees a safe ingress and egress from the property. While this point has not been before this Court until now, we are persuaded by the logic of similar case. In Rockefeller v. Standard Oil Company (1974), 11 Wash. App. 520, 523 P.2d 1207, 1208-09, the court said:

"Standard Oil owed a duty to his business invitees of safe ingress and egress from its property. (Citing authority.) [W]hether this duty was discharged was a proper question for the jury. To incur liability, Standard Oil need not own or control the property on which the hazard was located, nor is it required that Standard Oil create the hazard. The record contains evidence from which the jury can reasonably have concluded that the hazard created a foreseeable risk of harm to Standard Oil's business invitees and that Standard Oil knew of its presence and should have taken reasonable precautions to eliminate it by for example posting warnings or barriers or providing adequate illumination. Nothing more was required . . ."

In the application of that rule, it has been held that the duty of an occupier of premises extends beyond the premises to the entrances into and exits from such premises and it is his duty to warn his customers of hidden hazards upon, around or beyond his premises, if he would reasonably expect use of an adjacent area by his customers in connection with the invitation. To incur liability to a business invitee, it is not necessary that the owner or occupier own or control the property on which the hazardous ingress or egress exists or that the owner or occupier create the hazard, if the hazard created a foreseeable risk of harm to business invitees and the owner or occupier knew of its presence and should have taken reasonable precautions to eliminate it by such measures as posting warnings, or barriers or providing adequate illumination.

The foregoing cases adequately express the rule and logic is on their side.

In the case before us, Baide testified that at the time the bridge was removed, he placed railroad ties horizontally to create a barrier to the irrigation ditch, and also posted a warning sign. He stated that on occasions he had to replace the tie barriers as apparently they were pushed into

the ditch by unknown persons. The record is not clear as to how long after the conveyance to the school district he continued to replace the barriers. Baide also testified that he placed gravel as an obstruction to automobile traffic across the former bridge and provided a cul-de-sac for a turn-around. Evidence contravening Baide's statements are that at the time of the accident there were no barriers present, no warning signs, no gravel and the apparent invitation to persons driving through the trailer park to make a left turn on the dirt road and to proceed toward the irrigation ditch which was some 60 to 70 feet away from Baide's property after the conveyance.

Thus a significant fact question exists, which must be determined by a fact-finder, as to whether Baide provided a safe egress to an unsuspecting person lawfully upon Baide's premises.

Because of the presence of a material issue of fact as between Baide and the plaintiff, Lynette Piedalue, we therefore reverse the summary judgment and dismissal in favor of Baide and remand the cause to the District Court for further proceedings.

_John C. Sheehy_
Justice

We Concur:

_Frank I. Haswell_
Chief Justice

_Daniel J. Shea_

- 7 -

L. C. Gulbrandson.

Justices