*275 JUSTICE TRIEWEILER
delivered the Opinion of the Court.
The plaintiff, Shirley Calder, filed a complaint in the First Judicial District Court in Lewis and Clark County in which she alleged that her landlords, Carl and Bonnie Anderson, were negligent. Andersons moved for summary judgment and the District Court granted their motion. We reverse the judgment of the District Court.
The issue on appeal is whether the District Court erred when it granted summary judgment.
FACTUAL BACKGROUND
In March 1994 Shirley Calder and her husband rented an apartment from Carl and Bonnie Anderson. A set of steps leads from the entrance of the Calders’ apartment to a sidewalk which leads to the tenants’ parking area. The tenants’ parking area consists of gravel and dirt and is located near one side of the sidewalk.
In her complaint, Calder alleged that on the afternoon of May 3, 1994, she exited her apartment, descended the staircase, and fell on the sidewalk at the base of the steps. She alleged that as a result of the fall, she sustained injuries to her lower back, hip, neck, and shoulder, and required hospitalization for three and one-half days.
Calder also stated in her complaint that the Andersons negligently failed to maintain the sidewalk in a safe condition and violated § 70-24-303, MCA, in the following manner:
At all times material herein defendants negligently failed to keep said common area, to wit: Said concrete walk in a clean and safe condition as they were required to do by § 70-24-303(l)(c), MCA, and permitted dirt, refuse, pebbles and other materials to accumulate and remain thereon so that said walk became and remained and was at the time of plaintiff’s accident and injuries hereinafter alleged dangerous and unsafe to walk upon.
The Andersons answered the complaint and denied all allegations of negligence.
Shirley Calder testified by deposition that on the date of her accident she had descended the stairway leading from the door of her apartment and stepped onto the sidewalk, where her feet landed unexpectedly on rocks or gravel which caused her to skid for some distance before her feet flew out from under her and she landed face down. She further testified that she knew that she had skidded and lost control on small rocks because she felt the rocks through the soles of her shoes when she stepped down on them and because she and *276 her husband later observed the skid marks caused by the rocks where her accident occurred.
The Andersons moved for summary judgment following Calder’s deposition. They argued that there was no hidden defect on the premises and that they had no duty to warn Calder of the presence of gravel on the sidewalk because the gravel would have been clearly obvious had she looked.
The District Court granted the Andersons’ summary judgment motion. The court found that Calder’s injuries were not caused by a hidden or lurking danger which would subject the Andersons to liability. The court further stated that the rocks on the sidewalk would have been obvious to Calder if she had looked at the sidewalk while she walked on it. Finally, the court stated that there was no evidence that the Andersons took any affirmative action to aggravate or create the alleged hazard, and therefore, that there was no basis for finding that they were negligent.
DISCUSSION
Did the District Court err when it granted summary judgment?
This Court reviews a summary judgment order entered pursuant to Rule 56, M.R.Civ.R, based on the same criteria applied by the district court. Brinkman and Lenon v. P & D Land Enterprises (1994), 263 Mont. 238, 241, 867 P.2d 1112, 1114. Rule 56(c), M.R.Civ.R, provides that summary judgment is proper only when “there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.” We look to the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits to determine the existence or nonexistence of a genuine issue of material fact. Ulrigg v. Jones (1995), [274 Mont. 215], 907 P.2d 937, 940.
We first address the Andersons’ contention that because Calder failed to cite § 70-24-303, MCA, in opposition to the Andersons’ motion for summary judgment, she waived its consideration on appeal. The Supreme Court of Alaska considered a similar argument and, after reviewing Alaska’s summary judgment rule, which is identical to Montana’s, disagreed that the law applicable to a case could be waived. Newton v. Magill (Alaska 1994), 872 P.2d 1213, 1215. That court held that:
[E]ven if a litigant does not oppose summary judgment, the superior court may grant the motion only if otherwise “appropriate” under Rule 56. Weaver Bros., Inc. v. Chappel, 684 P.2d 123, 126 *277 (Alaska 1984). For this reason, this court should review the superior court’s grant of summary judgment under the usual standard of review.
This court will uphold a summary judgment only if the record presents no genuine issues of material fact and “the moving party was entitled to judgment on the law applicable to the established facts.”
Newton, 872 P.2d at 1215.
The applicability of the controlling statute was raised in the District Court when, in Paragraph IV of her complaint, Calder alleged that “[a]t all times material herein defendants negligently failed to keep said common area, to wit: Said concrete walk in a clean and safe condition as they were required to do by § 70-24-303(l)(c), MCA.” Paragraph IV of Calder’s complaint was specifically denied by the defendants’ answer.
Rule 56(c), M.R.Civ.R, provides in relevant part that:
The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
(Emphasis added.)
It is clear from Rule 56 that the court must consider allegations in the pleadings unless they have been controverted by evidence presented by the opposing party. In this case, the defendants presented no evidence that the sidewalk was clean and safe at the time of Calder’s fall and injury. In fact, neither the defendants’ motion for summary judgment, nor the memorandum that they submitted in support of that motion, addressed a landlord’s duty to a tenant pursuant to the statute relied on in Calder’s complaint. Calder’s memorandum in opposition to the defendants’ motion simply responded to the issues raised in the defendants’ memorandum.
Once Calder alleged in District Court that the relevant statute had been violated and cited that statute to the court and opposing counsel, she did not have to re-argue that claim repeatedly in order to preserve the claim for appeal and to avoid waiver.
Calder maintains that violation of § 70-24-303, MCA, constitutes negligence per se. This Court has not directly addressed this issue. However, when considering identical statutory provisions, the Supreme Court of Alaska has held that they impose duties different from *278 and greater than those imposed by common law. Newton v. Magill (Alaska 1994), 872 P.2d 1213. In that case, Darlene Newton, the plaintiff, slipped and fell on a walkway which led to the front door of her home which was rented from the defendants. Newton, 872 P.2d at 1214. She sued her landlords based on her allegation that the walkway was slippery and hazardous and that the landlords had a duty to make it safe. Newton, 872 P.2d at 1214. The trial court dismissed the plaintiff’s complaint by summary judgment based on its conclusion that it was the plaintiff’s duty to keep the walkway safe and clean. Newton, 872 P.2d at 1214. The Supreme Court noted that even though according to traditional notions of Alaska common law a landlord has no duty to tenants for dangerous conditions on the property, Alaska’s adoption of the Uniform Residential Landlord and Tenant Act changed and added to a landlord’s obligations. That court concluded that since Alaska’s act imposed a duty on the landlord to keep even those areas occupied and used by the tenant in a clean and safe condition, the landlord had a duty to use reasonable care to discover and remedy conditions which presented an unreasonable risk of harm, and that included the slippery condition of the walkway. Whether the condition was hidden or apparent was irrelevant. Newton, 872 P.2d at 1216-18. Based on the facts in that case, the Supreme Court of Alaska held that whether the landlord failed to exercise reasonable care in light of all the circumstances with respect to the condition of the walkway presented an issue of fact to be resolved by the jury. Newton, 872 P.2d at 1218.
Montana, likewise, adopted the Residential Landlord and Tenant Act in 1977. Among its provisions is § 70-24-303, MCA. Montana’s adoption of that Act changed and added to the duties owed by property owners to their tenants.
Since § -303 of the Act was obviously intended by the legislature to be for the benefit and safety of tenants, a landlord’s failure to comply with the statute is negligent per se. We have held that:
The violation of statutes is negligence as a matter of law when the purpose of the statute is to protect a class of persons, the plaintiff is a member of that class, and the defendant is a person against whom a duty is imposed. Azure v. City of Billings (1979), 182 Mont. 234, 240-41, 596 P.2d 460, 464. The purpose of the statute also must be to protect against the kind of injury received by the plaintiff. Rauh v. Jensen (1973), 161 Mont. 443, 507 P.2d 520.
Nehring v. LaCounte (1986), 219 Mont. 462, 468, 712 P.2d 1329, 1333.
*279 Shirley Calder was a member of the class that § 70-24-303, MCA, was intended to protect; Andersons were members of the class on whom a duty was imposed; and Calder’s slip and fall is the type of injury that the statute was designed to prevent. The Supreme Court of Michigan has held that violation of a similar statute established negligence per se. See Morningstar v. Strich (Mich. 1950), 40 N.W.2d 719. We agree with that holding.
Contrary to the suggestion in the dissenting opinion, neither the Newton opinion nor the Morningstar opinion are cited in this opinion based on the similarity of the facts in those cases to the facts in this case. Newton is cited for the legal proposition that the Residential Landlord and Tenant Act creates duties in addition to and greater than those imposed on property owners by the common law. Morningstar is cited for the proposition that violation of statutes which impose duties on a landlord to provide for the safety of his or her tenants is negligent per se. The facts of the cases are irrelevant.
Furthermore, the Arizona and Ohio cases cited and relied on in the dissenting opinion are of no assistance to us for purposes of resolving the issue presented in this case. Neither case applies nor interprets a duty similar to the one which exists in Montana pursuant to § 70-24-303, MCA, and upon which this opinion is based.
Finally, the dissenting opinion’s reliance on § 70-24-32 l(l)(b), MCA, to suggest that it was actually the tenant’s duty to maintain the area where Calder fell is misplaced. That section of the Residential Landlord and Tenant Act pertains to that part of the premises which the tenant actually “occupies and uses.” It does not pertain to common areas. Common areas are specifically addressed in § 70-24-303(l)(c), MCA, and place the duty of maintenance solely on the landlord.
According to the testimony of Shirley Calder, the sidewalk on which she fell was not in a clean and safe condition, and as a result, she fell and seriously injured herself. Calder testified that on the date of her accident she had descended the stairway leading from the door of her apartment and stepped onto the sidewalk, where her feet landed unexpectedly on rocks or gravel which caused her to skid for some distance before her feet flew out from under her and she landed face down. She knew that it was small rocks on which she skidded and lost control because she felt the rocks through the soles of her shoes when she stepped down on them, and she and her husband later observed the skid marks caused by the rocks where her accident occurred. Calder’s testimony was sufficient to raise an issue of fact *280 whether the defendants breached their duty owed to her pursuant to the Residential Landlord and Tenant Act.
Whether the condition which caused Calder’s injury was “hidden or lurking,” and whether or not the condition at the bottom of her stairway was one she should have been looking for and noticed are simply issues to be considered as part of the question of contributory negligence.
The dissenting opinion suggests that it is a proper function of this Court to decide as a matter of law when debris allowed to remain on a common walkway does or does not violate the obligation to keep the area clean and safe. The dissenting opinion suggests that the majority opinion has already passed judgment on that issue. However, that suggestion is incorrect. The majority opinion simply recognizes that pursuant to Article II, Section 26, of the Montana Constitution, and § 26-1-202, MCA, there is a right to have issues of fact tried by juries when the parties request a jury, or by the district court when the right to jury trial is waived. The dissent would have this Court apply that right on a sliding scale based on how impressed the members of this Court are with the merits of a party’s claim or defense. However, to do so would substantially blur the distinct functions of the fact finder and appellate review.
For these reasons, we conclude that as landlords the Andersons had a duty to keep the area where Calder fell in a clean and safe condition. If they failed to do so they were negligent as a matter of law. Whether or not the Andersons breached their duty to Calder, and the extent to which that breach of duty, if any, was a cause of Calder’s damages, are issues of fact which must be decided by the trier of fact.
For these reasons, we reverse the order of the District Court and remand for further proceedings consistent with this opinion.
JUSTICES NELSON, GRAY, HUNT and LEAPHART concur.