No. 96-381

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

EMBERNETTA D. SMITH,

Plaintiff and Appellant,

v.

KRAYTON KERNS, d/b/a
BEARTOOTH VETERINARY CLINIC,

Defendant and Respondent.

APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Russell C. Fagg, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Frank C. Richter; Richter, Torkelson & Hanson
Billings, Montana

For Respondent:

Guy W. Rogers, Tiffany B. Lonnevik; Brown,
Gerbase, Cebull, Fulton, Harman & Ross, Billings,
Montana

Submitted on Briefs: December 19, 1996

Decided: January 28, 1997

Filed:


_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

Appellant, Embernetta Smith (Smith), appeals from the Thirteenth Judicial District Court's decision granting summary judgment to Krayton Kerns, Doctor of Veterinary Medicine (Dr. Kerns). We reverse and remand.
We address only the following dispositive issue:
Did the District Court err in granting summary judgment to Dr. Kerns?

BACKGROUND

Smith and her husband arrived at Beartooth Veterinary Clinic to drop off the family dog. While Smith's husband waited in their vehicle, Smith entered the clinic through the front door which closed behind her by way of a mechanical closing device. After handing her dog to the receptionist, Smith walked back toward the front door to leave. As she walked toward the door, Smith stopped to move Dr. Kerns' "resident" cat which was sitting in front of the door. Smith placed the cat to the side of the door and continued exiting the building.
As she was exiting through the doorway, Smith looked back at the cat and fell on her right shoulder and left hand. As a result of this fall, Smith received a fracture of the shoulder/greater tuberosity, and other injuries.
Smith brought this action in District Court to recover damages for the injuries she incurred as a result of her fall. She alleged that the cat interfered with her safe exit from the building. The District Court granted Dr. Kerns' motion for summary judgment, holding that Smith had failed to establish that Dr. Kerns had breached his duty to use ordinary care to maintain his premises in a reasonably safe condition or to show that Dr. Kerns' cat was the cause of her injuries. Smith appeals this judgment.

DISCUSSION

This Court's standard of review in appeals from summary judgment rulings is "de novo." Motarie v. N. Mont. Joint Refuse Disposal Dist. (1995), 274 Mont. 239, 242, 907 P.2d 154, 156; Mead v. M.S.B., Inc. (1994), 264 Mont. 465, 470, 872 P.2d 782, 785.

The purpose behind granting summary judgment is to encourage judicial economy through the elimination of unnecessary trials. Payne Realty v. First Sec. Bank (1992), 256 Mont. 19, 24, 844 P.2d 90, 93. It is well established that a party moving for summary judgment must show a complete absence of any genuine issue as to all facts shown to be material in light of substantive principles that entitle that party to a judgment as a matter of law. Cereck v. Albertson's, Inc. (1981), 195 Mont. 409, 411, 637 P.2d 509, 511.

In a claim of negligence, a successful plaintiff must prove each of the following four elements: (1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty; (3) the breach was the actual and proximate cause of plaintiff's injuries; and (4) that damages resulted. Moralli v. Lake County (1992), 255 Mont. 23, 27-28, 839 P.2d 1287, 1290. A motion for summary judgment in a negligence suit should not be granted, unless there are no factual questions material to these four substantive principles. Cereck, 637 P.2d at 511.

The District Court based its decision to grant summary judgment on Smith's failure to establish that Dr. Kerns either breached his duty to maintain his premises in a reasonably safe condition, or to show that Dr. Kerns' cat caused her to fall. Specifically, the District Court held that Dr. Kerns had not breached his duty to keep his premises in a reasonably safe condition as neither the doorway nor the cat were hidden or lurking dangers. The District Court also held that Smith failed to establish that Dr. Kerns' cat was the cause of her injuries since it was not shown to have touched or tripped Smith.

As a business owner, Dr. Kerns has a duty to keep his premises reasonably safe, warn invitees of hidden or lurking dangers, and to provide a safe entry and exit onto the premises. Piedalue v. Clinton Elementary Sch. Dist. (1984), 214 Mont. 99, 103, 692 P.2d 20, 22. Ordinarily, the breach of a legal duty is a question of fact for a jury to determine. Suhr v. Sears Roebuck & Co. (1969), 152 Mont. 344, 348, 450 P.2d 87, 89. A district court is only to determine whether a defendant is negligent when evidence is undisputed or susceptible to only one conclusion by reasonable people. Suhr, 450 P.2d at 89 (citing Robinson v. F.W. Woolworth Co. (1927), 80 Mont. 431, 261 P. 253). In the present case, there is a genuine issue of material fact as to whether Dr. Kerns breached his duty towards Smith by allowing the cat to remain in proximity to the doorway thereby leaving his clients in doubt as to whether the cat was going to bolt for the exit.

On the question of causation, the trial court acknowledged that there was a dispute in the deposition testimony as to whether the cat moved once Smith had removed it from the doorway. Embernetta Smith, the plaintiff, explained in her deposition that once she placed the cat to the side, although she feared it would

move towards the door, it stayed put. Her husband, on the other hand, testified that as Embernetta fell, the cat ran out the door. In granting summary judgment the court concluded that this dispute in the testimony was not material since, in either event, there was no testimony that the cat touched or tripped Smith.

The Court believes that summary judgment in this case would also be proper because causation cannot be shown. This inescapable conclusion results from the fact that neither Plaintiff Smith nor her contradictory witness husband, Mr. Smith, claim that the cat actually touched or tripped the Plaintiff as she exited the clinic.

The courtþs conclusion is wrong in two regards. First, there is clearly a dispute in the testimony as to whether the cat remained stationary or exited the door at the same time as Smith. The court erred in concluding that the question of whether the cat moved was not a material fact. If the cat bolted and ran out the door at the same time that Smith was attempting to exit, the fact finder could certainly find that fact relevant to the question of causation. Secondly, the District Court assumed that, in order to establish causation, Smith would have to show that the cat tripped or contacted her thus making her fall. The courtþs rationale, however, is too narrow an interpretation of Smithþs claim. Smith alleges in her complaint that the cat "interfered with [her] safe exit . . . . " She testified in her deposition that, as she held the door open to exit, "I turned around to look to see if the cat was following me out the door." In granting summary judgment because the cat did not touch or trip Smith, the court ignored the fact that, although the cat may not have tripped or contacted her, it may have constituted a distraction causing her to fall. In Morris v. Weatherly (Minn.App. 1992), 488 N.W.2d 508, a Minnesota appellate court affirmed a jury verdict in favor of a bicyclist who had been attacked by a dog which did not come into physical contact with his person. See also Farrior v. Payton (Haw. 1977), 562 P.2d 779, 787. In Morris, the court explained that "[a]lthogh no physical contact occurred, the dog's actions caused Morris to dismount quickly and in so doing, to fall, tearing the rotator cuff in his left shoulder." Morris, 488 N.W.2d at 510. Although a moving cat is presumably more distracting than a stationary cat, the fact finder may, nonetheless, conclude that, even if the cat remained put, it distracted Smith when she looked back to make sure that it was not going to bolt for the open door and run between her feet. Reasonable minds could differ as to that fact. Thus, genuine issues of material fact exist as to whether the cat moved and whether (stationary or mobile) the cat was a distraction which caused Smith to look back and fall as she exited.

Although it appears from the record that no contact occurred

between Dr. Kerns' cat and Smith, summary judgment was not appropriate as reasonable minds could still differ as to whether Dr. Kerns' cat was the cause of Smith's injuries.

In sum, we hold that summary judgment in the instant case was inappropriate. As the District Court points out in its order, negligence claims are generally not susceptible to summary judgment. J.L. v. Kienenberger (1993), 257 Mont. 113, 117, 848 P.2d 472, 475. In Cereck, the plaintiff slipped and fell on the snow and ice on Albertsonþs property. In reversing summary judgment for Albertsonþs, we held that:

The party opposing summary judgment is entitled to the benefit of all reasonable inferences that may be drawn from the offered proof. In this case it may reasonably be inferred that the piling of snow in front of the store entrance increased the hazard created by the natural accumulation of snow and ice and that the defendants should have anticipated the injuries that Mrs. Cereck received as a result of the dangerous condition.

Cereck, 637 P.2d at 512.

In the present case, the jury may reasonably infer that Dr. Kerns was negligent in allowing the cat to roam freely about the premises and distract patrons who are negotiating the stairway exit. The jury is in the best position to determine the reasonableness of Smith's claim that the cat interfered with her safe exit from the premises. Accordingly, we reverse and remand.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ J. A. TURNAGE
/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ WILLIAM E. HUNT, SR.