

DA 06-0708

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 236

SHARON WILLDEN,

      Plaintiff and Appellant,

  v.

GERALD NEUMANN, d/b/a NEUMANN
PROPERTIES, CAROLE E. FISHBURN,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV-04-0556
Honorable Russell C. Fagg, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Kenneth D. Peterson, Peterson and Schofield, Billings, Montana

      For Appellee Neumann:

          James R. Halverson and Jesse D. Cook, Halverson & Gilbert, Billings,
Montana

      For Appellee Fishburn:

          Calvin J. Stacey, Stacey & Funyak, Billings, Montana

Submitted on Briefs: June 26, 2007

Decided: July 2, 2008

Filed:

_____
                         Clerk

Justice John Warner delivered the Opinion of the Court.

¶1     Sharon Willden appeals from an order of the District Court of the Thirteenth Judicial District, Yellowstone County, granting summary judgment in favor of Defendants Gerald Neumann, d.b.a. Neumann Properties, and Carole E. Fishburn.

¶2     We restate the issues on appeal as follows:

¶3     Did Neumann or Fishburn violate a duty as landlords to keep safe all common areas of their premises under § 70-24-303(1)(d), MCA (2003)?

¶4     Did Neumann or Fishburn violate a duty as landowners to remove snow and ice from the adjoining alley, pursuant to Billings, Montana City Code (BMCC) § 22-406?

¶5     Did Neumann or Fishburn as owners of the adjacent premises have a duty to keep the alley free of ice and snow that presented a hazard to guests visiting their tenants?

¶6     In January 2004, Willden slipped on ice in an alleyway in Billings and was injured. Willden admitted in the District Court that she fell in an alley.  Neither party presented evidence that the alley where she fell was privately owned.  On that basis we accept the conclusion of the District Court that it is uncontested that the alley is owned by the City of Billings (City).  Two apartment buildings border the alley.  Fishburn owns the building to the north and Neumann owns the building to the south.

¶7     Snow had accumulated in the alley, as is typical in Billings in January, and cars had driven over the snow, compacting it into ice.  According to Willden, she was aware that the alley was sloped and icy, and that the ice was slippery.

¶8     Willden was visiting her son who was a tenant in Neumann's building.  Her husband and son were working on his car that was in the tenants' parking area behind Neumann's

2

building. This parking area was accessible by the City alley. Willdon's son had the right to use one of three designated parking spaces behind the building. Willden was walking through the alley towards her son's car when she slipped on the ice. She suffered a compression fracture of a vertebrae and a bruised tailbone.

¶9 Willden brought a claim against Neumann and Fishburn, alleging that they had a duty as landlords to keep safe all common areas of their premises, pursuant to § 70-24-303(1)(d), MCA (2003), a duty as landowners to remove snow and ice from abutting properties, pursuant to BMCC § 22-406, and a duty as landowners to keep adjacent premises reasonably free of dangers, even if clear and foreseeable, that presented a sufficient hazard to guests, pursuant to this Court's decision in *Limberhand v. Big Ditch Co.*, 218 Mont. 132, 706 P.2d 491 (1985). Willden claimed that both defendants breached their duties by allowing snow and ice to accumulate in the City alley. Willden asserts that the defendants had notice or implied notice of the ice hazard.

¶10 Neumann contends that he had no control over or responsibility for the alley. He also contends that tenants were not forced to walk down the alley to reach the parking area. His uncontradicted deposition testimony was that tenants and their guests could access the tenants' parking area through the building and did not have to go through the alley. Neumann also testified in his deposition that there are sidewalks and walking trails around the apartment buildings to the north of the alley. Neumann claims that by electing to walk through the City alley to her son's car, instead of through the building or along the sidewalk, Willden exposed herself to the danger of the icy alley for which he was not responsible.

3

¶11 Fishburn likewise denies having any control over or responsibility for the City alley. Fishburn's property was managed by a property management company which hired a man to plow two strips in the alley as a courtesy to Fishburn's tenants who used the carports in back of his building. These plowed strips were not close to where Willden fell. Fishburn also contends that where Willden fell was much closer to Neumann's building than her building.

¶12 Both defendants deny having any agreement with the City regarding use or maintenance of the alley. Willden has presented no evidence to the contrary. Both defendants deny responsibility for maintaining the alley. Both defendants moved for summary judgment, which motions were granted. Willden appeals.

¶13 We review a district court's grant of summary judgment de novo and apply the same standard as the district court under M. R. Civ. P. 56. The moving party must establish the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Once the moving party establishes the lack of a material fact, the burden shifts to the non-moving party (Willden) to prove, by more than mere speculation that a genuine issue of fact exists. If the district court determines that no genuine issue of material fact exists, the district court must then determine whether the moving party is entitled to judgment as a matter of law. *Grimsrud v. Hagel*, 2005 MT 194, ¶ 14, 328 Mont. 142, ¶ 14, 119 P.3d 47, ¶ 14.

¶14 Negligence claims generally are not susceptible to summary judgment determinations. *Smith v. Kerns*, 281 Mont. 114, 119, 931 P.2d 717, 720 (1997). Yet, the record in a negligence action must present facts which, if true, would show: (1) the existence of a legal

4

duty from defendant to plaintiff; (2) a breach of that duty; (3) causation; and (4) damages to the plaintiff. The threshold question of whether the defendant owed a legal duty to the plaintiff is a question of law reserved for the district court rather than a question of fact reserved for a jury. *Webb v. T.D.*, 287 Mont. 68, 72, 951 P.2d 1008, 1011 (1997). Therefore, if the record reveals that a defendant owed no duty to the plaintiff, that defendant is entitled to judgment as a matter of law.

ISSUE ONE

¶15 *Did Neumann or Fishburn violate a duty as landlords to keep safe all common areas of their premises, under § 70-24-303(1)(d), MCA (2003)?*

¶16 The Montana Residential Landlord and Tenant Act (the Act), § 70-24-303(1)(d), MCA (2003), requires that a landlord keep all common areas of the premises in a clean and safe condition.

¶17 The Act does not define what constitutes a "common area." Where the legislature provides no definition for a term used in a statute, we apply the plain meaning of the term. *Black's Law Dictionary* 291 (Bryan A. Garner ed., 8th ed., West 2004), defines "common area" within landlord-tenant law as "realty that all tenants may use though the landlord retains control and responsibility over it." The Act defines premises as "a dwelling unit and the structure of which it is a part, the facilities and appurtenances in the structure, and the grounds, areas, and facilities held out for the use of tenants generally or promised for the use of a tenant." Section 70-24-103(10), MCA (2003).

¶18    Section 70-24-303(1)(d), MCA (2003), enhances safety of tenants and their guests by imposing a duty on landlords to keep common areas on his or her premises clean and safe. A failure to comply with this section of the Act is negligence per se. *Calder v. Anderson*, 275 Mont. 273, 279-80, 911 P.2d 1157, 1160-61 (1996). The Act expressly extends its remedies to any person who is aggrieved when the landlord breaches the duties embodied in Mont. Code Ann. § 70-24-303 (2003).

¶19    Willden, citing *Calder*, contends that the defendants have a legal duty as landlords to clear the ice and snow from the alley because it was a common area used by tenants and their guests to access the parking area. Thus she argues, by virtue of § 70-24-303(1)(d), MCA (2003), they are required to keep it in a clean and safe condition.

¶20    In *Calder*, 275 Mont. at 279-80, 911 P.2d at 1161, we held that the landlord, Anderson, had a duty to maintain a sidewalk leading from the base of the apartment steps to the tenant parking area. After exiting her apartment and descending the stairs, the tenant, Calder, slipped and fell on the sidewalk leading to the parking area. She claimed that rocks or gravel that had accumulated on the sidewalk caused her fall. We reversed the district court's summary judgment in favor of the landlord Anderson concluding that a failure to comply with § 70-24-303, MCA, was negligence per se and the landlord had a duty to maintain common areas regardless of who created the dangerous condition or how obvious it was. However, in *Calder* questions concerning whether the sidewalk where Calder fell was a common area or whether it was a part of the premises were neither raised nor discussed. In

6

*Calder*, it was assumed that the sidewalk where Calder fell was a common area of the premises.

¶21     To the contrary, in this case the alley where Willden fell is City property over which the defendant landlords had no control.  The alley was open to the public, and was used by the City's waste collection service in addition to being used by some tenants to access the parking area.  The fact that tenants, as members of the public, used the alley to suit their convenience does not make it a part of the premises let to tenants, or a common area that a landlord must maintain within the meaning of § 70-24-303(1)(d), MCA (2003).

¶22     Neither Neumann nor Hodges, Fishburn's property manager, know when the alley was paved or who paved it, and neither have any idea if it has ever been plowed or de-iced.  Neither landlord has any authority to allow, or to prohibit, use of any part of the alley by their tenants or anyone else.  Fishburn merely cleared a strip of it as a courtesy but was under no legal obligation to do so.  The facts that the City alley becomes a dead-end and that tenants sometimes use the alley to access parking spaces do not impose a duty on either Neumann or Fishburn to keep it clear of ice and snow under § 70-24-303(1)(d), MCA (2003).

¶23     The City alley where Willden fell is not, under the Act, a common area of the premises.  The Act does not impose a duty on defendants.

ISSUE TWO

¶24     *Did Neumann or Fishburn violate a duty as landowners to remove snow and ice from the adjoining alley, pursuant to BMCC § 22-406?*

7

¶25    By ordinance, landowners in the City of Billings have a duty to remove snow, ice, etc. from sidewalks in front of and adjoining his or her premises.

> It shall be the duty of the occupant of any premises within the city limits, or in case such premises are unoccupied, then the owner or his or her agent, to keep the sidewalks in front of and adjoining his or her premises clean and safe for pedestrians, and to repair the same from time to time; and such occupant, owner or agent shall remove snow, ice, mud, slush and other impediment to safe and convenient foot travel, within twenty-four (24) hours after such snow, ice, slush or other impediment accumulates thereon, and prevent the continuance and accumulation of the same.

BMCC § 22-406.

¶26    Willden argues that the alley where she fell should be considered a sidewalk and that BMCC § 22-406 imposes a duty on Neumann and Fishburn to remove the ice and snow from the alley. Defendants argue that because Willden did not fall on a sidewalk, BMCC § 22-406 does not apply.

¶27    The terms "sidewalk" and "alley" are defined in § 1-102 of the BMCC.

> Sidewalk. "Sidewalk" means that portion of a street between the curb line and the adjacent property line intended for the use of pedestrians.
>
>     . . . .
>
> Street. "Street" includes any public ways, roads, highways, avenues, *alleys* and lanes within the city.

BMCC § 1-102 (emphasis added).

¶28    Alleys are streets, not sidewalks, under the BMCC. BMCC § 22-406 does not apply to this case. The District Court's conclusion of law that the defendants owed no duty to Willden under the BMCC is correct.

ISSUE THREE

8

¶29  *Did Neumann or Fishburn as owners of the adjacent premises have a duty to keep the alley free of ice and snow that presented a hazard to guests visiting their tenants?*

¶30  Montana recognizes that a property owner's duty to keep his premises reasonably safe may extend beyond his premises. *Limberhand v. Big Ditch Co.*, 218 Mont. 132, 146, 706 P.2d 491, 499 (1985), citing *Piedalue v. Clinton Elem. School Dist. No. 32*, 214 Mont. 99, 692 P.2d 20 (1984). *Piedalue* involved a plaintiff who, after leaving defendant's trailer court, drove her car down a lane that was no longer used, but was allegedly open and unmarked, into an irrigation ditch sixty to seventy feet away from defendant's trailer court. *Limberhand* involved a visiting child that drowned in an irrigation ditch some thirty feet away from a parking lot provided for tenants of defendant's apartment building. These cases established the principle that when an instrumentality causing harm is located adjacent to a landowner's property and it poses a clear and foreseeable danger to persons properly using the landowner's premises, the landowner is not shielded from liability as a matter of law. The fact that the instrumentality is not located on the landowner's property does not as a matter of law bar a plaintiff's claim. *Limberhand*, 218 Mont. at 146, 706 P.2d at 499-500.

¶31  The question presented in this case is whether this principle shall be extended to a publicly owned alley next to an apartment building. We conclude that a public alley covered with ice and snow is different than the allegedly hidden and unmarked, privately-owned irrigation ditch in *Piedalue* and the privately-owned irrigation ditch that was allegedly an attractive nuisance in *Limberhand*.

9

¶32    In both *Piedalue* and *Limberhand*, the dangerous instrumentality was only accessible through the defendant landowners' adjacent properties, whereas, in this case, the icy alley was accessible not only to the defendants' tenants and their guests but also to the general public via a public street.  Rather than a hidden or lurking danger or an attractive nuisance, this case involves an open and obvious hazard.  Rather than a man-made instrumentality, the danger of which the defendant landowner alone was aware, this case involves a natural condition of winter, the accumulation of ice and snow.  The danger of falling on ice and snow is or should be well known to everyone who uses the streets and alleys of Billings in January, including Willden.

¶33    The defendant landowners can reasonably be charged with knowledge that their tenants and their visitors may use the alley in question as pedestrians or in any other way, for any lawful purpose, at any time and as often as they like.  This is because anyone, and everyone, may use the alley as pedestrians or in any other way, for any lawful purpose, at any time, as often as they like.  The Court sees no logical way to distinguish Willden from another member of the general public who decided to use the alley.  In essence, Willden asks this Court to determine that adjacent landowners have a legal duty to keep a public way owned by a municipality free from an accumulation of ice and snow, or to post a notice warning persons using it that it is slippery.  We decline to judicially enact such a requirement.

¶34    For the aforementioned reasons, we affirm the District Court's order granting summary judgment in favor of Defendants Neumann and Fishburn.

10

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ JIM RICE

11