FILED

April 7 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0548

DA 14-0548

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2015 MT 99N

REGINA LOPEZ and ROBERT LOPEZ,

      Plaintiffs and Appellants,

    v.

BUTTE SILVER BOW COUNTY,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Second Judicial District,
In and For the County of Butte/Silver Bow, Cause No. DV 12-114
Honorable Brad Newman, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

          Jeffrey W. Dahood, Knight & Dahood, Anaconda, Montana

      For Appellee:

          Emma R. Armstrong; Brendon J. Rohan, Poore, Roth & Robinson,
Butte, Montana

Submitted on Briefs:  March 11, 2015
Decided:  April 7, 2015

Filed:

_____
                        Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by unpublished opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      On January 15, 2011, Regina and Robert Lopez were traveling by bus through Butte, bound for Arizona.  The bus stopped at the Butte bus depot after dark.  Butte Silver Bow County owns the bus depot.  Harrison Avenue, a four-lane street maintained by the Montana Department of Transportation, separates the bus depot from a supermarket.  To get to the supermarket, Regina began jaywalking across Harrison Avenue, but she was struck by a vehicle while crossing the second lane.  There is a pedestrian crosswalk approximately one hundred feet from where the accident occurred.

¶3      The Lopezes sued but eventually dismissed their complaint against the driver of the vehicle that struck Regina.  The Lopezes also sued the County for negligence.  The Lopezes allege that the County had a duty to warn them of the dangers of crossing Harrison Avenue, and that the County breached that duty.  The Second Judicial District Court awarded summary judgment to the County because it concluded that the County did not owe the Lopezes the claimed duty.  The Lopezes appeal.

¶4      We review a District Court's award of summary judgment de novo.  *Albert v. City of Billings*, 2012 MT 159, ¶ 15, 365 Mont. 454, 282 P.3d 704.  Summary judgment is

appropriate when the moving party demonstrates an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. M. R. Civ. P. 56(c)(3); *Albert*, ¶ 15.

¶5 Duty is a question of law and is an essential element of a negligence action. *Poole v. Poole*, 2000 MT 117, ¶ 19, 299 Mont. 435, 1 P.3d 936. "As a general rule, there is no duty to protect others against harm from third persons." *Lopez v. Great Falls Pre-Release Servs.*, 1999 MT 199, ¶ 24, 295 Mont. 416, 986 P.2d 1081 (citations omitted). The Lopezes seek to establish a duty through the rule that a landowner may have a duty to warn others about dangerous conditions on her property. *Richardson v. Corvallis Pub. Sch. Dist. No. 1*, 286 Mont. 309, 321, 950 P.2d 748, 755-56 (1997). But a landowner's duty to warn of dangerous conditions on her property generally is confined to her own property. *See Richardson*, 286 Mont. at 321, 950 P.2d at 755-56. The County was not responsible for Harrison Avenue, which is maintained by the Department of Transportation in the area where the accident occurred.

¶6 Acknowledging the general rule that an occupier of land does not have a duty of care "beyond that which he or she possesses or controls," the Lopezes cite an exception applicable under circumstances "when an *obscured danger* exists on land directly appurtenant to the land owned or occupied and is near a place where invitees enter and exit the landowner's or occupier's property." 62 Am. Jur. 2d *Premises Liability* § 12 (1990) (emphasis added). This Court likewise has held that a landowner's duty of care may extend to adjacent property in certain circumstances. *Limberhand v. Big Ditch Co.*,

3

218 Mont. 132, 706 P.2d 491 (1985); *Piedalue v. Clinton Elementary Sch. Dist. No. 32*, 214 Mont. 99, 692 P.2d 20 (1984). The Lopezes do not benefit from this exception. The danger of jaywalking across a four-lane road after dark is not obscured—it is apparent. *See Willden v. Neuman*, 2008 MT 236, ¶ 32, 344 Mont. 407, 189 P.3d 610 (landowner did not have a duty with regard to an adjacent property where the danger was "an open and obvious hazard").

¶7 Because the County did not have a duty to warn the Lopezes about the dangers of jaywalking across Harrison Avenue, the District Court correctly determined that, as a matter of law, the County was not negligent.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for unpublished opinions. In the opinion of the Court, this case presents a question controlled by settled principles of negligence law. The District Court's interpretation and application of the law were correct. We affirm.


/S/ BETH BAKER

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ PATRICIA COTTER
/S/ JIM RICE