

FILED

November 18 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0168

DA 14-0168

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 302N

HEATHER ERIN WYLIE,

      Plaintiff and Appellant,

  v.

GARY BALAZ, ESQ., d/b/a BALAZ LAW FIRM, Inc.,

      Defendant and Appellee.

APPEAL FROM:   District Court of the Second Judicial District,
In and For the County of Butte-Silver Bow, Cause No. DV 12-311
Honorable Kurt Krueger, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

        Heather Erin Wylie (Self-Represented), Billings, Montana

      For Appellee:

        Larry E. Riley, Garlington, Lohn & Robinson, PLLP, Missoula, Montana

                Submitted on Briefs:  October 22, 2014
                        Decided:  November 18, 2014

Filed:

                        Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Heather Wylie appeals from the District Court's order granting summary judgment to defendant Gary Balaz and dismissing her complaint.  We affirm.

¶3      Wylie brought this action for damages arising from alleged professional negligence of attorney Balaz, who represented her in prior criminal proceedings in which Wylie pled guilty and was sentenced.  She sought almost $12,000,000 in damages.  Balaz served discovery requests on Wylie, who failed to adequately respond despite the District Court's order that she do so.

¶4      Wylie's complaint against Balaz was over forty pages long and asked for millions of dollars in damages.  The District Court found, however, that the complaint "contains no discernable facts in support of her allegations of legal malpractice" and that Balaz's discovery requests were "appropriate questions" in a legal malpractice case.  Any party to civil litigation has an obligation to provide required responses to discovery requests, and yet after almost a year and an order from the District Court, Wylie did not answer "the most basic discovery requests to show that she had any evidence in support of her claim." Wylie simply re-served her first incomplete and inadequate discovery responses, but

included additional material that the District Court described as a "hodgepodge of sheets of paper that are not identified in any way, not specifically referenced to any discovery answers, and all of which are totally incomprehensible."

¶5 Under Rule 37(a), M. R. Civ. P., a party's evasive or incomplete responses to discovery are treated as a failure to respond to discovery. If this occurs, as it did in Wylie's case, the District Court may enter sanctions which include dismissing the action or entering default against the disobedient party. M. R. Civ. P. 37(b)(2)(A).

¶6 In addition, Wylie failed to provide identification, as required by M. R. Civ. P. 26, of the expert she intended to rely on to support her claim of professional negligence. A plaintiff in a legal malpractice case must establish through expert testimony that the attorney breached a legal duty, and it is not sufficient to rely upon the Montana Rules of Professional Conduct. *Byers v. Cummings*, 2004 MT 69, ¶ 31, 320 Mont. 339, 87 P. 3d 465. When expert testimony is required to support a cause of action, plaintiff's failure to provide an expert warrants summary judgment for the defendant. *Dulaney v. State Farm*, 2014 MT 127, ¶¶ 12-16, 375 Mont. 117, 324 P.3d 1211. Wylie's failure and refusal to identify an expert witness to support her claim justified the District Court's summary judgment in favor of Balaz and dismissal of the action.

¶7 It was within the District Court's discretion to grant summary judgment against Wylie in this case for failure to participate in discovery and we find no abuse of that discretion.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. The issues in

3

this case are controlled by settled Montana law and are matters of judicial discretion. There was not an abuse of discretion.

¶9     Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE