FILED

December 1 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0093

DA 15-0093

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 330

CYRIL NOT AFRAID, JR.,

      Plaintiff and Appellant,

  v.

STATE OF MONTANA, COUNTY OF
YELLOWSTONE, CITY OF BILLINGS, et al.,

      Defendants and Appellees,

_____

YELLOWSTONE COUNTY, and
CITY OF BILLINGS,

      Third-Party Plaintiffs,

  v.

JEREMY FLATMOUTH,

      Third-Party Defendant,
      and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                 In and For the County of Yellowstone, Cause No. DV-12-0992
                 Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

           Edward P. Moriarity, Shandor S. Badaruddin, Moriarity & Badaruddin,
           PLLC, Missoula, Montana

      For Appellees:

           Scott Twito, Yellowstone County Attorney, Ryan Nordlund, Kevin Gillen,
           Deputy Yellowstone County Attorneys, Billings, Montana
           (for Yellowstone County)

Harlan B. Krogh, Crist, Krogh & Nord, LLC, Billings, Montana
(for City of Billings)

Calvin J. Stacey, Stacey & Funyak, Billings, Montana
(for State of Montana)

Penelope S. Strong, Attorney at Law, Billings, Montana
(for Jeremy Flatmouth)

Submitted on Briefs: October 7, 2015
Decided: December 1, 2015

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Cyril Not Afraid Jr. appeals the orders of the Thirteenth Judicial District Court, Yellowstone County, granting summary judgment to the State of Montana, Yellowstone County, and the City of Billings (collectively Defendants). We restate the issue on appeal as follows:

> *Whether the District Court erred in granting summary judgment to the Defendants on the ground that Not Afraid failed to produce evidence demonstrating that the Defendants violated a standard of care.*

¶2 We affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3 Not Afraid was severely injured during a single vehicle accident in the early morning hours of August 18, 2009. The vehicle, driven by Jeremy Flatmouth, was traveling on Zimmerman Trail in Billings, Montana. Zimmerman Trail is a steep, winding, narrow road with Jersey-type concrete barriers along the sharp curve where the accident occurred. Flatmouth, who was intoxicated and speeding, struck the concrete barriers while navigating the sharp curve—causing the vehicle to go over the barriers and down a steep hillside. All of the occupants were ejected from the vehicle. One passenger died and Not Afraid was paralyzed as a result of the accident. Flatmouth was convicted of felony vehicular homicide.

¶4 Zimmerman Trail was a private road until it was deeded to Yellowstone County (County) in 1938. In the mid-1980s, the County, or a contractor hired by the County, installed the concrete barriers along the sharp curve where the accident took place. The

3

County transferred its interest in Zimmerman Trail to the City of Billings (City) in 2005. In November 2005, the State of Montana (State) entered into an agreement with the City to carry out winter maintenance—such as plowing, sanding, ice control, and emergency closures—on Zimmerman Trail. This agreement ended in July 2009, approximately one month before the accident.

¶5 Nearly two years after the accident, Not Afraid retained two accident reconstruction experts who visited the crash site and reviewed pertinent documents. The experts' four-page report estimated that the vehicle was traveling 45 miles per hour when it first struck the concrete barriers. The posted speed limit on Zimmerman Trail is 25 miles per hour. The experts found that, in June 2011 when they went to the scene, the concrete barriers were tilted approximately 15 degrees. Based on the concrete barriers' tilt, the experts concluded that the barriers were improperly installed and therefore, "the barriers were relatively ineffective in containing higher speed vehicles traveling around the curve."

¶6 Not Afraid subsequently filed two complaints—one against City Public Works Director David Mumford, and one against the State, the County, and the City. The complaint against Mumford alleged a products liability claim and both complaints alleged negligence in the concrete barriers' placement, installation, and maintenance. The District Court consolidated the cases following Not Afraid's unopposed motion.

¶7 The City retained its own accident reconstruction expert, who issued a 16-page report in May 2014. The City's expert determined that the vehicle was traveling between

68 and 73 miles per hour when it struck the barriers and that the barriers were tilted approximately 13 to 14 degrees at the time he inspected the scene in March 2014. The City's expert concluded that the barriers tilted as a result of the vehicle's impact. His conclusion was based on investigation photographs showing fresh disturbances in the gravel and staining of the concrete at the base of the barriers, the barriers' measured geometry, and literature regarding barrier performance testing.

¶8 On August 6, 2014, the County moved for summary judgment on the ground that it could not be liable for the condition of Zimmerman Trail because it had transferred ownership of Zimmerman Trail to the City prior to the accident. On August 15, 2014, Mumford moved for summary judgment on the grounds that he was immune from Not Afraid's tort claims under § 2-9-305(5), MCA, and that he could not be liable under the product liability claims. On August 18, 2014, the State moved for summary judgment on the ground that it did not own, maintain, or control Zimmerman Trail, and thus, Not Afraid established no cognizable theory upon which to seek damages against the State. On August 28, 2014, the City moved for summary judgment on the ground that Not Afraid failed to establish that the City breached a duty of care, in part because Not Afraid failed to establish the barriers' condition at the time of the accident.

¶9 The District Court issued orders granting Mumford's and the remaining Defendants' motions for summary judgment. Not Afraid appeals only the judgments in favor of the government entities.

5

## STANDARD OF REVIEW

¶10 We review an entry of summary judgment de novo. *Dubiel v. Mont. Dep't of Transp.*, 2012 MT 35, ¶ 10, 364 Mont. 175, 272 P.3d 66. Summary judgment is appropriate when the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. M. R. Civ. P. 56(c)(3); *Dubiel*, ¶ 10. If this burden is met, "[t]he burden then shifts to the party opposing summary judgment to 'present substantial evidence essential to one or more elements of its case to raise a genuine issue of material fact,' or to show why the undisputed facts do not entitle the moving party to judgment." *Weber v. State*, 2015 MT 161, ¶ 12, 379 Mont. 388, 352 P.3d 8 (quoting *Dollar Plus Stores, Inc. v. R-Mont. Assocs., L.P.*, 2009 MT 164, ¶ 27, 350 Mont. 476, 209 P.3d 216). The nonmoving party cannot satisfy its burden with "mere denial, speculation, or conclusory assertions." *Phelps v. Frampton*, 2007 MT 263, ¶ 16, 339 Mont. 330, 170 P.3d 474 (citations omitted).

## DISCUSSION

¶11 *Whether the District Court erred in granting summary judgment to the Defendants on the ground that Not Afraid failed to produce evidence demonstrating that the Defendants violated a standard of care.*

¶12 As an initial matter, Not Afraid contends that the District Court improperly applied the summary judgment standard because the court "wrongfully shifted the burden of proof to Not Afraid." Based on our review of the District Court's orders, we disagree. The court determined that the Defendants—the moving parties—met their initial burden by demonstrating the absence of genuine issues of material fact regarding essential

6

elements of Not Afraid's claims. The court then shifted the burden to Not Afraid—the party opposing summary judgment—to establish with substantial evidence that genuine issues of material fact did exist regarding those essential elements of his claims. The court, therefore, correctly applied the summary judgment standard. *Weber*, ¶ 12.

¶13 Not Afraid asserts negligence claims against all of the Defendants and therefore must prove four essential elements as to each: "(1) the defendant owed the plaintiff a legal duty, (2) the defendant breached that duty, (3) the breach was the actual and proximate cause of an injury to the plaintiff, and (4) damages resulted." *Peterson v. Eichhorn*, 2008 MT 250, ¶ 23, 344 Mont. 540, 189 P.3d 615 (citations omitted). Although negligence actions ordinarily are inappropriate for summary judgment, "[i]t is well established that if a plaintiff fails to offer proof of any one of the elements of a negligence claim, the negligence action fails and summary judgment in favor of the defendant is proper." *Dubiel*, ¶ 12 (citing *Peterson*, ¶ 24; *Hinkle ex rel. Hinkle v. Shepherd Sch. Dist. #37*, 2004 MT 175, ¶ 23, 322 Mont. 80, 93 P.3d 1230).

¶14 In granting the Defendants' summary judgment motions, the District Court concluded that Not Afraid failed to offer any proof regarding the standard of care by which to measure the Defendants' actions. Observing that Not Afraid did not produce evidence of any standards applicable to concrete barriers in Montana, the court found that Not Afraid failed to provide the requisite expert testimony relating to any standards the Defendants may have violated in the concrete barriers' maintenance, placement, or installation. As such, the court held that Not Afraid failed to satisfy his burden of

establishing with sufficient evidence—as opposed to mere denial, speculation, or conclusory assertions—that there were issues of material fact regarding the Defendants' breach of any duties of care.

¶15    Not Afraid claims in general fashion that the Defendants had a duty to properly maintain, place, and install the barriers on Zimmerman Trail.  He asserts that the Defendants' breach of those alleged duties resulted in his injuries.  He contends that his experts' report, crash site photographs, and the County's Road and Bridge Director's deposition testimony provide evidence from which a jury reasonably could infer negligence in the concrete barriers' placement, installation, and maintenance.  The Defendants respond that Not Afraid first must establish the standard of care by which to measure their actions; "in other words, [he] must establish the degree of prudence, attention, and caution [that the Defendants] must exercise in fulfilling that duty of care." *Dubiel*, ¶ 14 (citing *Dalton v. Kalispell Reg'l Hosp.*, 256 Mont. 243, 247, 846 P.2d 960, 962 (1993)).

¶16    M. R. Evid. 702 provides: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert . . . may testify thereto in the form of an opinion or otherwise."  Based in part on M. R. Evid. 702, we have held that expert testimony is required to establish the standard of care in cases where professional duties may not be apparent to a layperson.  *Dubiel*, ¶ 18 (holding that plaintiff was required to present expert testimony to establish the standard of care applicable to the Montana Department

8

of Transportation's decision-making process for closing a road); *Dulaney v. State Farm Fire & Cas. Ins. Co.*, 2014 MT 127, ¶ 21, 375 Mont. 117, 324 P.3d 1211 (holding that plaintiff's failure to obtain an expert witness resulted in an "insufficiency of proof regarding [the] duty" of an insurance agent to advise his client on sufficient coverage); *Dayberry v. City of E. Helena*, 2003 MT 321, ¶ 21, 318 Mont. 301, 80 P.3d 1218 (holding that expert testimony was required to determine whether the depth of a swimming pool was unreasonably dangerous for the diving board length in a case against a swimming pool operator).

¶17 We recognized in *Dubiel* that governmental highway maintenance activities may be outside the common experience of jurors. *Dubiel*, ¶¶ 15-18. The County's Road and Bridge Director testified that he relied on engineers in making decisions involving Jersey barriers. The City acknowledges its duty to keep roadways in a reasonably safe condition for ordinary use; that Flatmouth's vehicle flipped over the barriers at an excessive rate of speed, the City argues, does not evidence that the City breached its duty. We agree. Like in *Dubiel*, we conclude that the placement, installation, and maintenance of concrete barriers is "sufficiently beyond the common experiences" of a lay jury. *Dubiel*, ¶ 17. Expert testimony would assist the trier of fact in determining whether the Defendants' placement, installation, and maintenance of those barriers did not keep the roadway reasonably safe for ordinary or foreseeable use. Not Afraid therefore was required to produce expert testimony to establish the standard of care by which to measure the Defendants' actions.

9

¶18 Not Afraid contends that his experts raised sufficient factual issues in this regard to survive summary judgment. In support of his contention that the County breached its duty of care by negligently installing the barriers, Not Afraid argues that his experts "clearly demonstrated that [Not Afraid's] injuries were caused by the improper installation of the barriers. . . ." Not Afraid's experts' report, however, does not establish by substantial evidence that a genuine issue of material fact exists regarding the County's breach of a duty of care. It simply concludes that the position in which the experts found the barriers "necessarily reduced the barriers' ability to hold vehicles to the inside of the curve." Not Afraid failed to provide any evidence regarding standards for concrete barrier installation in Montana or the vehicle speeds that such barriers should be able to withstand. Moreover, the experts' finding that the barriers were tipped 15 degrees in June 2011—nearly two years after the accident—is not sufficient to establish beyond speculation or conclusory assertion that the barriers were placed and installed improperly in the 1980s. Finally, Not Afraid's references to the Road and Bridge Director's deposition testimony regarding barrier placement on other County roads is not substantial evidence of a standard of care.[1] Not Afraid has therefore failed to establish "the degree of prudence, attention, and caution" that the County must have exercised in placing and installing the concrete barriers twenty-five to thirty years ago. *Dubiel*, ¶ 14.

---

[1] Contrary to Not Afraid's argument, the witness did not acknowledge erosion of the shoulder, water build-up, or improper placement of the barriers in the stretch of roadway where the incident occurred.

¶19 Not Afraid's next contention is that the City breached its duty of care by improperly maintaining the concrete barriers. Not Afraid argues that his experts "clearly demonstrated that [Not Afraid's] injuries were caused by the . . . lack of maintenance of [the] barriers." Again, however, Not Afraid has offered no evidence regarding standards for concrete barrier maintenance in Montana. In fact, Not Afraid's experts did not mention maintenance at all, let alone standards the City allegedly breached in the concrete barriers' maintenance. The experts' opinions are confined to installation of the barriers; the report is silent as to any alleged relationship between the City's maintenance and Not Afraid's injuries. Not Afraid has failed to "establish the standard of care by which to measure" the City's maintenance of the barriers or what acts or omissions by the City violated any such standard. *Dubiel*, ¶ 14. Not Afraid therefore has failed to establish with substantial evidence that a genuine issue of material fact exists concerning breach of the City's duty of care in maintaining the concrete barriers.

¶20 Finally, Not Afraid argues that the State breached its duty of care by improperly maintaining the concrete barriers. Not Afraid contends that the State had a duty to maintain the barriers based on the State's agreement with the City to conduct winter maintenance on Zimmerman Trail. As Not Afraid concedes, the State's maintenance agreement was limited to winter road maintenance and ended "approximately one month before the wreck occurred." The agreement did not pertain to maintenance activity involving the concrete barriers. The State's expired winter maintenance agreement cannot be the predicate for the State's alleged duty to maintain the barriers.

11

¶21 Not Afraid's general assertions that his claim against the State nonetheless is proper because the Defendants "did not set forth to the court how they provided maintenance," and that "one or all of [the Defendants] were providing maintenance" of Zimmerman Trail do not satisfy his burden of establishing specific facts—as opposed to speculation or conjecture—regarding breach of any duty of care by the State. Again, Not Afraid's experts' conclusions discuss only installation of the barriers. Not Afraid has therefore failed to offer proof that the State had a duty to maintain the barriers and that the State breached its alleged duty.

¶22 In sum, Not Afraid's summary judgment submissions suffer from "an insufficiency of proof regarding" breach of the Defendants' alleged duties to properly place, install, and maintain the concrete barriers. *Dulaney*, ¶ 21. Not Afraid has therefore failed to offer substantial evidence of one of the essential elements of his negligence claim against each Defendant. Accordingly, the District Court did not err in granting summary judgment to the Defendants.

## CONCLUSION

¶23 The District Court correctly granted summary judgment to each of the Defendants on the ground that Not Afraid failed to raise an issue of material fact regarding the breach of their alleged duties of care. Accordingly, we affirm.

/S/ BETH BAKER

12

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE