FILED

06/23/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0439

DA 19-0439

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 161N

THOMAS EMIL SLIWINSKI,

　　　　　Plaintiff and Appellant,

　　v.

STATE OF MONTANA, JAMES SALMONSON,
PAUL REES, CINDY HINER, REGINALD MICHAEL,
and CONNIE WINNER,

　　　　　Defendants and Appellees.

APPEAL FROM:　　District Court of the Third Judicial District,
　　　　　　　　In and For the County of Powell, Cause No. DV 18-83
　　　　　　　　Honorable Ray J. Dayton, Presiding Judge

COUNSEL OF RECORD:

　　　　　For Appellant:

　　　　　　　　Thomas Emil Sliwinski, Self-Represented, Deer Lodge, Montana

　　　　　For Appellees:

　　　　　　　　Timothy C. Fox, Montana Attorney General, Jeffrey M. Doud, Assistant
　　　　　　　　Attorney General, Helena, Montana

　　　　　　　　　　　　　Submitted on Briefs:　May 20, 2020

　　　　　　　　　　　　　　　　　Decided:　June 23, 2020

Filed:

　　　　　　_____
　　　　　　　　　　　　　Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1　　Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2　　Thomas Emil Sliwinski appeals the order of the Third Judicial District Court, Powell County, granting the State of Montana's (State) Motion for Summary Judgment and dismissing Sliwinski's complaint. Sliwinski contends the District Court erred when it granted summary judgment in favor of the State because he failed to timely disclose his expert witness, and when it did not hold a hearing on the summary judgment motion.

¶3　　On September 9, 2004, Sliwinski was charged with bail jumping after failing to appear for probation revocation proceedings related to two previous felony convictions. He fled to Mexico where he suffered significant injuries after being stabbed multiple times in the abdomen. After he was apprehended in 2015, he underwent a number of surgeries at the University of California San Diego. After his surgeries, Sliwinski was transported back to Montana State Prison (MSP). He developed a fistula in his abdomen and was treated at MSP.

¶4　　On September 5, 2018, Sliwinski filed suit against the State alleging medical negligence in the treatment of his fistula. On December 19, 2018, the District Court held a scheduling conference and issued a scheduling order requiring the parties to disclose their

2

expert witnesses by April 26, 2019.  Sliwinski did not file his expert witness disclosure by the deadline.

¶5      On May 6, 2019, Sliwinski moved to continue the expert witness disclosure deadline by six months. The next day, the State moved for summary judgment.  Sliwinski eventually filed his expert witness disclosure on May 17, 2019.  On July 8, 2019, the District Court granted the State's summary judgment motion upon finding that Sliwinski had not sufficiently alleged a medical negligence claim because he did not disclose a medical expert that would testify to the applicable standard of care, or that the State deviated from that standard.

¶6      We review a district court's ruling on summary judgment de novo, applying the same M. R. Civ. P. 56 criteria as the district court.  *Vision Net Inc. v. State*, 2019 MT 205, ¶ 6, 397 Mont. 118, 447 P.3d 1034 (citing *Bailey v. State Farm Mut. Auto Ins. Co.*, 2013 MT 119, ¶ 18, 370 Mont. 73, 300 P.3d 1149).  Summary judgment may be granted if the moving party can show there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law.  M. R. Civ. P. 56; *Flathead Bank of Bigfork v. Masonry by Mueller, Inc.*, 2016 MT 269, ¶ 5, 385 Mont. 214, 383 P.3d 215.

¶7      We review a district court's decision to deny conducting a hearing on summary judgment for an abuse of discretion.  *Richards v. Cty. of Missoula*, 2009 MT 453, ¶ 16, 354 Mont. 334, 223 P.3d 878.  "A court abuses its discretion if it acts arbitrarily, without employment of conscientious judgment, or exceed[s] the bounds of reason resulting in

substantial injustice." *Pumphrey v. Empire Lath & Plaster*, 2006 MT 99, ¶ 16, 332 Mont. 116, 135 P.3d 797 (citations omitted, alteration in original).

¶8      In order to establish a medical malpractice action, a plaintiff must establish: "(1) the applicable standard of care, (2) the defendant departed from that standard of care, and (3) the departure proximately caused the plaintiffs injury." *Estate of Wilson v. Addison*, 2011 MT 179, ¶ 17, 361 Mont. 269, 258 P.3d 410.  "Without expert testimony to establish these elements, no genuine issue of material fact exists and the defendant is entitled to judgment as a matter of law." *Estate of Wilson*, ¶ 17.  *See also Hinkle ex rel. Hinkle v. Shepherd Sch. Dist. #37*, 2004 MT 175, ¶ 23, 322 Mont. 80, 93 P.3d 1239 ( "[I]f a plaintiff fails to offer proof of any one of the elements of negligence (duty, breach, causation, and damages), then summary judgment in favor of the defendant is proper."). We have repeatedly held that:

> [E]xpert testimony is required as to the standard of care, and as to the professional's violation of that standard of care, before a trier of fact may find such professional negligent . . . . The rationale for requiring expert testimony to establish a standard of care for professionals acting in their professional capacity is that such professionals are required to possess a minimum standard of special knowledge and ability, and as a result juries which are composed of laypersons are normally incompetent to pass judgment on such questions without assistance of expert testimony.

*Dulaney v. State Farm Fire & Cas. Ins. Co.*, 2014 MT 127, ¶ 12, 375 Mont. 117, 324 P.3d 1211 (quoting *Newville v. Dep't. of Family Servs.*, 267 Mont. 237, 257, 883 P.2d 793, 805 (1994)).

¶9      Sliwinski did not disclose a medical expert until May 17, 2019, more than two weeks after the deadline; nor did he seek an extension of the deadline until after the deadline had

passed. Without a medical expert, he could not establish the required elements of his medical malpractice claim. The District Court therefore correctly determined that no genuine issue of material fact existed and that the State was entitled to summary judgment.

¶10 Sliwinksi also argues that his expert witnesses were qualified to testify, and that the District Court erred when it did not address his motion to continue the expert witness disclosure deadline, motion to modify the scheduling order, and motion to compel discovery. But even these motions were untimely, having been filed after Sliwinski had already missed the expert disclosure deadline. Because Sliwinski's expert witness disclosure was untimely and dispositive of his medical malpractice claim, we need not consider the merits of his arguments.

¶11 Sliwinski's contention that the District Court erred by declining to conduct a hearing on the summary judgment motion, is similarly without merit. Mont. R. Civ. P. Rule 56(c)(2)(A) states that "[t]he right to a hearing is waived unless a party requests a hearing within 14 days after the time for filing a reply brief has expired." We have previously held that the purpose of summary judgment hearings is for the district court to consider whether genuine issues of material fact exist as opposed to considering legal arguments. *Cole v. Flathead Cty.*, 236 Mont. 412, 418, 771 P.2d 97, 101 (1989). "[A] hearing may not be necessary in 'extraordinary circumstances' before an order granting summary judgment." *Richards*, ¶ 17 (citing *Linn v. City Cty. Health Dep't*, 1999 MT 235 ¶ 8, 296 Mont. 145, 988 P.2d 302)). We have recognized that there are circumstances when, under the law and facts presented, "the movant would be so clearly

5

entitled as a matter of law to summary judgment that a district court might by order dispense with the necessity of a hearing." *Cole*, 263 Mont. at 419. 771 P.2d at 101. *See also RN & DB, LLC v. Stewart*, 2015 MT 327, ¶ 44, 381 Mont. 429, 362 P.3d 61 ("[W]e will not put a district court in error for failing to hold a summary judgment hearing if the hearing testimony would not raise any issue of material fact."); *Virginia City v. Olsen*, 2002 MT 176, ¶ 16, 310 Mont. 527, 52 P.3d 383 (quoting *Cole*, 236 Mont. at 419, 771 P.2d at 101) ("[W]e have recognized that 'there may be an occasion when under the law and the facts adduced, the movant would be so clearly entitled as a matter of law to a summary judgment that a district court might by order dispense with the necessity of a hearing.'").

¶12 Although Sliwinski requested a hearing on the State's summary judgment motion, it could not have helped establish a genuine issue of material fact. It is undisputed that Sliwinski did not timely file his expert witness disclosure which, in turn, meant he could not establish the elements of his medical malpractice claim. A hearing would not have changed this fact. The State was clearly entitled as a matter of law to summary judgment. The District Court did not err in granting the State's motion for summary judgment without holding a hearing.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. Affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE
/S/ LAURIE McKINNON