**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 28 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MID CONTINENT CASUALTY COMPANY, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> ALAN ENGELKE; DRY PRAIRIE RURAL WATER AUTHORITY, <br><br> Defendants-Appellees, <br><br> and <br><br> STATE FARM FIRE AND CASUALTY COMPANY, <br><br> Defendant. | No.   18-36033 <br><br> D.C. No. 1:17-cv-00041-SPW <br><br> MEMORANDUM* |
| MID CONTINENT CASUALTY COMPANY, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> ALAN ENGELKE, <br><br> Defendant-Appellant, | No.   18-36070 <br><br> D.C. No. 1:17-cv-00041-SPW |

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and

DRY PRAIRIE RURAL WATER
AUTHORITY; STATE FARM FIRE AND
CASUALTY COMPANY,

          Defendants.

MID CONTINENT CASUALTY
COMPANY,

          Plaintiff-Appellee,

   v.

DRY PRAIRIE RURAL WATER
AUTHORITY,

          Defendant-Appellant,

   and

ALAN ENGELKE; STATE FARM FIRE
AND CASUALTY COMPANY,

          Defendants.

No.    18-36092

D.C. No. 1:17-cv-00041-SPW

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted September 3, 2020
Seattle, Washington

Before:  McKEOWN and VANDYKE, Circuit Judges, and CALDWELL,[**] District Judge.

Mid Continent Casualty Company ("Mid Continent") appeals a subrogation action against excavator Alan Engelke and Dry Prairie Rural Water Authority ("Dry Prairie"), who hired Engelke.  Engelke cross-appeals.[1]  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[2]

We review de novo a district court's decision to grant or deny summary judgment.  *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 759 (9th Cir. 2017).  "Findings of fact are reviewed for clear error, and conclusions of law are reviewed de novo."  *Mull ex rel. Mull v. Motion Picture Indus. Health Plan*, 865 F.3d 1207, 1209 (9th Cir. 2017).  Because this is a diversity jurisdiction case, we apply Montana state law to the various negligence claims.  *First Intercontinental Bank v. Ahn*, 798 F.3d 1149, 1153 (9th Cir. 2015) ("In diversity jurisdiction cases, such as this one, we 'apply the substantive law of the forum in which the court is located, including the forum's choice of law rules.'" (quoting *Ins. Co. of N. Am. v. Fed. Express Corp.*, 189 F.3d 914, 919 (9th Cir. 1999)).  This action involves

---

[**] The Honorable Karen K. Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

[1] While Defendant Dry Prairie Rural Water Authority filed a notice of cross-appeal, it subsequently noted that "no cross-appeal from Dry Prairie is necessary."

[2] Because the parties are familiar with the facts, we only recite them here when necessary.

Montana's Dig Law codified at Mont. Code Ann. § 69-4-501 *et seq.* (2013).

First, the district court did not err by allowing the jury to determine causation with respect to Mid Continent's negligence per se claim against Engelke. Reasonable minds could conclude that Mid Continent's negligence—which, by its own admission, caused a break in a saltwater disposal line from an oil well—was a cause-in-fact of the release of the salt water from the broken line and the damage that resulted. *Cf. Pappas v. Midwest Motor Exp., Inc.*, 886 P.2d 918, 920 (Mont. 1994) ("Ordinarily, issues of negligence are questions of fact not susceptible to summary adjudication. In certain cases, however, *where reasonable minds could reach but one conclusion* as to the cause of the accident, questions of fact may be determined as a matter of law." (internal citation omitted) (emphasis added)). The district court therefore appropriately reserved the question of causation for the jury.

Second, the district court did not err by granting summary judgment to defendants on Mid Continent's common law negligence claim due to its failure to provide expert testimony on the standard of care. Montana law generally requires such expert testimony for professional negligence claims. *Dulaney v. State Farm Fire & Cas. Ins. Co.*, 324 P.3d 1211, 1214 (Mont. 2014). While expert testimony may not be required where "the determination of professional negligence involves issues 'easily within the common experience and knowledge of lay jurors,'" *Wagner v. MSE Tech. Applications, Inc.*, 383 P.3d 727, 733 (Mont. 2016) (quoting *Dulaney*,

324 P.3d at 1215)), the work and standard of care owed by an excavator in this situation is analogous to cases where the Montana Supreme Court has required expert testimony. *See, e.g.*, *Not Afraid v. State*, 362 P.3d 71, 75 (Mont. 2015) ("Expert testimony would assist the trier of fact in determining whether the Defendants' placement, installation, and maintenance of those barriers did not keep the roadway reasonably safe for ordinary or foreseeable use. Not Afraid therefore was required to produce expert testimony to establish the standard of care …."); *Dayberry v. City of E. Helena*, 80 P.3d 1218, 1221 (Mont. 2003) ("Here, a juror of ordinary training and intelligence would not know whether the City's pool depth was inadequate, thereby requiring a warning or prohibition of diving …. Expert testimony is required to assist jurors in determining whether the pool depth was unreasonably dangerous for the diving board length." (internal citation omitted)). The district court therefore appropriately granted summary judgment due to Mid Continent's failure to provide expert testimony.

Third, any error by the district court in concluding that Engelke owed a duty to Mid Continent under Section 69-4-503(6) is harmless. Even if Mid Continent, as a non-member of a notification center, may not have been a part of the class intended to be protected by Montana's Dig Law, the jury found that Engelke's negligence per se did not cause Mid Continent's damages, and thus he was not liable for negligence.

5

Any error in declaring Engelke negligent per se is therefore harmless.[3]

Fourth, the district court properly ruled that Mid Continent's common law negligence claim was not preempted by Montana law. Mid Continent's common law negligence claim is premised on the statutory duty that Engelke was required to act in a "careful and prudent manner" and alleges damages resulting from the salt water that was released from the broken line. Unlike damages to the line itself, damages *resulting from* the damaged line are not addressed in the Dig Law, and therefore, are not preempted.

**AFFIRMED**.

---

[3] Assuming arguendo that Engelke was negligent per se, the district court did not err by allowing a jury to determine causation because additional fact finding was required before reasonable minds could reach only one conclusion as to the cause of the incident. *See Pappas*, 886 P.2d at 920.