NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 26 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RANDY TARUM, as Personal
Representative of the Estate of Robert L.
Lindsay; et al.,

Plaintiffs-Appellants,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, an Illinois
corporation,

Defendant-Appellee.

No.   22-35542

D.C. No.
4:19-cv-00029-BMM-JTJ

MEMORANDUM*

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Argued and Submitted October 19, 2023
Portland, Oregon

Before: GILMAN,** KOH, and SUNG, Circuit Judges.

Plaintiffs appeal from the district court's grant of summary judgment in

favor of State Farm, the district court's denial of Plaintiffs' motion for class

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The Honorable Ronald Lee Gilman, United States Circuit Judge for
the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

certification as moot, the district court's denial of Plaintiffs' motion to certify questions to the Montana Supreme Court, the district court's denial of Plaintiffs' motion to compel discovery, and the district court's denial of Plaintiffs' motion for leave to file a Second Amended Complaint. Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not err in awarding summary judgment to State Farm. We review de novo both the district court's grant of summary judgment and its interpretation of Montana state law regarding the duty of an insurance agent with respect to underinsured motorist (UIM) coverage. *See Diaz v. Kubler Corp.*, 785 F.3d 1326, 1329 (9th Cir. 2015). In the absence of a binding decision from the state's highest court, "a federal court must predict how the highest state court would decide the issue . . . ." *PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, 884 F.3d 812, 820 (9th Cir. 2018) (internal citations omitted). In Montana, "duty is a question of law" for the court to decide. *Monroe v. Cogswell Agency*, 234 P.3d 79, 86 (Mont. 2010). The ordinary duty of an insurance agent under Montana law is "well established": A Montana insurance agent "owes an absolute duty to obtain the insurance coverage which an insured directs the agent to procure." *Id.* In *Monroe*, the Montana Supreme Court did not completely rule out the possibility of recognizing a professional duty of care for insurance professionals, *id.*, but it has

2

not recognized such a duty in any pertinent case since then. Rather, the Montana Supreme Court has recognized only that an insurance agent may owe a heightened duty of care when the factual circumstances indicate more than a standard insurer-insured relationship. *See Dulaney v. State Farm Fire & Cas. Ins. Co.*, 324 P.3d 1211, 1212–16 (Mont. 2014) (noting the possibility that a heightened duty arose where a plaintiff told her insurance agent that she had "absolutely no idea" of the value of the property she wanted covered and that she wanted the agent to visit the building and assess it for himself).

Here, Plaintiffs do not allege that they asked their insurance agents to procure UIM coverage. Therefore, this case turns on whether the insurance agents had a heightened duty to offer and explain UIM coverage even though Plaintiffs did not ask for it. Plaintiffs have made no factual showing of a special relationship between the Plaintiffs and the insurance agents or other special circumstances that would give rise to a heightened duty to offer and explain UIM coverage. The facts that Plaintiffs point to establish only a standard insured-insurer relationship. Consequently, we agree with the district court that there is no genuine dispute as to any material fact and that State Farm is entitled to judgment as a matter of law.

2. The district court did not err in denying Plaintiffs' motion for class certification as moot. If a claim is without merit as applied to the named plaintiffs, a "district court need not inquire as to whether that meritless claim should form the

3

basis of a class action." *Corbin v. Time Warner, Entm't-Advance/Newhouse P'ship*, 821 F.3d 1069, 1085 (9th Cir. 2016) (collecting cases).

3. The district court did not abuse its discretion in declining to certify questions to the Montana Supreme Court regarding the duty of a Montana insurance agent in a negligence context. "We review for abuse of discretion the district court's decision whether to certify a question to a state supreme court." *Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1009 (9th Cir. 2009). But "[e]ven where state law is unclear, resort to the certification process is not obligatory." *Id.* (citing *Lehman Bros. v. Schein*, 416 U.S. 386, 390 (1974)). The district court was entitled to consider whether it could reasonably predict how the Montana Supreme Court would decide the issue, *Syngenta Seeds, Inc. v. County of Kauai,* 842 F.3d 669, 681 (9th Cir. 2016), as well as whether the timing of Plaintiffs' motion would unnecessarily prolong the litigation, *Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008). Here, the district court reasonably relied on both factors in denying Plaintiffs' motion.

4. The district court did not abuse its discretion in denying Plaintiffs' request for further discovery. A district court does not abuse its discretion when it denies a motion to compel for failure to comply with local rules or procedural requirements. *See Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1010 (9th Cir. 2004). Plaintiffs do not dispute that their motion to compel was both untimely and

4

procedurally deficient.

5. The district court did not abuse its discretion in denying Plaintiffs' motion for leave to file a Second Amended Complaint because Plaintiffs' motion was untimely by more than a year, and they did not show good cause for the delay as required by Fed. R. Civ. P. 16.

**AFFIRMED.**[1]

---

[1] Plaintiffs-Appellants' Unopposed Motion to Amend the Caption (Dkt. Entry No. 13) is GRANTED. Plaintiffs-Appellants' Motion to Certify to the Montana Supreme Court (Dkt. Entry No. 17) is DENIED.